23-3233 United States of America v. James Albert Trankle, also known as John Davies Abelance. Mr. Katzhoff, for the Abelance, is the good hand for the appellee. Good morning, counsel. Mr. Katzhoff, please proceed when you're ready. Thank you, your honor. Good morning. My name is Howard Katzhoff. I represent James Trankle. James Trankle was convicted after a jury trial of one count of conspiracy to commit mail fraud and bank fraud and five substantive counts of bank fraud. He's raised three issues, three main general issues, two trial issues and sentencing issues. The issues presented were whether the district court erred in denying his motion for judgment of acquittal or for new trial, whether the district court abused its discretion in excluding evidence offered to show his state of mind. What's your best issue on appeal? I think the exclusion of evidence is a good issue and an important issue. And I think the sentencing issue on managerial role and lack of the zero point offender is a very strong issue. But what about the argument on the evidentiary point that it was harmless error? With regard to the exclusion of evidence, the problem, well, let me just start by saying it's a very unusual case. I don't know that I've ever seen a case or a fraud case like this where the defendant's defense was that he was seeking solicitations for the purpose, for the mission of trying to fight or correct corrupt professional fundraising practices and to solicit funds and whatnot. But he set up legitimate Church 501C3, which was recognized and given an EIN number by the IRS and thereafter sent out these solicitations. The problem is the government is required to prove specific intent to defraud. And the items that the defendant was trying to introduce, which is a little hard from the record to determine, but they are discussed somewhat. Books, pamphlets, magazines, and the like, which tended to expound about the mission to try to fight against corrupt fundraising by professional fundraisers, where most of the money goes to the professional fundraisers and not to the funds. But even if he's trying to set that up, he's setting up accounts that mirror named legitimate and valid agencies, and then the money goes to his accounts, and then he uses it as he deems appropriate. So he's even going against why he set this up in the first place with respect to alleged corruption by the volunteer organizations. It appears that way on the surface, and certainly that's why I say it's such an unusual case. What is the real state of mind, hearsay objection, exception that you're trying to go after in that? What's the state of mind piece to that? Well, my point is that those pamphlets, magazines, what I think the prosecutor referred to as manifesto, are not being offered for the truth of any of the words in them. It is the fact of the composite of those writings that shows the state of mind consistent with his theory of defense, which was an instruction given by the judge. At the same time, he wasn't able to present that. But what's the theory of defense to this alleged not having intent to defraud people? The theory of defense was that he wasn't intending to defraud, that he provided truthful statements in his solicitations. The money went into his accounts, and it was used to create those pamphlets and things that he defined as his mission for those particular charities. But he also used money for illegitimate things. He did use some money, but it was de minimis, and that was recognized there. I don't have a defense to the de minimis, a few expenditures that were outlined. But would you agree that in presenting this defense, the judge did understand? In other words, I'm going back to that the argument is preserved, that the judge understood that that was the intent of these particular documents to be admitted. He did. He seemed to actually recognize that they were important. He just disagreed and ruled against you. Exactly. At one point he says, I can see where these are relevant to what Mr. Trankel is trying to present. But in the end, he actually picked out like one email and read it, and it was sort of a hearsay statement. I was fired from my job or something for some reason. But that was one line of the six or eight inches of documentation that was presented to him, and which was described as the pamphlets, magazines, police crime line, the photos. To the extent the judge understood the purpose for which this evidence was being sought to be admitted, and ruled that he thought it was all hearsay, he bought the government's argument. That was the government's argument.  All right. But the judge had not read any of the documents other than he said he hadn't read them. And he picked out this one email. And as I understood what the judge had in mind was because he concluded they were all hearsay documents, inadmissible hearsay documents, that basically if he allowed you to put the documents in evidence in terms of the covers of the booklets, the books, the pamphlets, that that would achieve the same purpose that you saw. So why was that error, if it was? I believe it was error because the covers by themselves don't show the body of work that's not being offered for the truth of the matter, but for Mr. Trankel's state of mind, more so than a non-hearsay argument, really. And the covers themselves don't accomplish that. And without reading them, without looking at them, the judge took the government's word that there's no way to redact them, and you should exclude all of them, and excluded all of them. And so what's your best argument following up on Judge Charles' questions as to why this was not harmless theory? Well, this was really the crux of the defense. And the theory of defense instruction was given, but it was completely undercut by the inability to present the state of mind for at least to have the jury consider this unusual methodology of having a perch and a life mission of trying to combat the corruption, basically, on a big, big scale of the professional fundraisers with charities. And that was touched upon in small ways during the trial. But the ability to put that information before the jury was critical because that's the key element, the specific intent to defraud. Obviously, there can be circumstantial evidence, and the jury got to consider all that, but the government has to prove the intent to defraud, and that there was no legitimate purpose. But doesn't his intent go beyond his narrative that if he's putting all these documents in just to show this is how I intended to go against, you know, any company who, you know, themselves don't use the charitable contributions appropriately. It's kind of his narrative, like he's setting it up. But then you can look at the actions that happened after the fact, which is the bank accounts, how he distributes the funds himself. Well, the jury would have to evaluate whether it's consistent or inconsistent, but our position is they should have had the opportunity to at least see that that was his genuine intent, that was his genuine state of mind at the time. His own self-serving narrative. Exactly. Well, the words aren't necessarily a self-serving narrative. They are publications and whatnot that address those issues. No matter who wrote them or what they were, they were a significant part of what was in the sort of church office that was seized. And so that really went to the critical issue of that intent. And where you have the other issues on its face, the organizations, the DBAs being properly registered and certified, the information being accurate. Do you have anything else to state about forfeiture? Because you're just suggesting that the court didn't go with the recommendation by probation. Yeah, I believe that the forfeiture is plain error. The judge assessed a forfeiture amount without requiring any proof from the government, not even accepting what the government asked for in its sentencing memorandum, which I believe was $45,000. But the judge doesn't have to accept that. The judge can go up, the judge can go down. Exactly. But it has to be based on, it should be based on what proceeds were obtained directly or indirectly by Mr. Trankel. There are obviously a couple of cases that have carved out an exception to that, whereby a leader of a large organization, there can be an inference that they obtain all of the proceeds of action, of activity, of illegal activity. And the forfeiture amount was in the indictment, so it didn't come as a surprise. No, that was the amount in the indictment. It just wasn't proved by the government, and it wasn't based on the evidence that was introduced. The evidence that was introduced had the co-defendant involved with about 80% of the money, involved the one that opened four of the six bank accounts that had $120,000 of the money that went in and went out in his name for the most part. That evidence was presented by the government's expert. They were partners. How does he escape? It's hard to say exactly what the roles are. As the judge said, we don't really know a lot about what the other person's role was because he never appeared and there wasn't much to know about him. He pled guilty. We know that. We know he's a co-conspirator, and we know that his name was on a lot of the money. And before a forfeiture amount for monies that weren't obtained directly or indirectly by Mr. Trankel, before he's subjected to that, there should be more evidence that's required. And you started out on this when you acknowledged that plain error would be the appropriate standard. I do believe that it was not preserved. The issue that was raised was a different issue, similar to, I believe, the Campos and the Levia or whatever his case is. I'm sure my colleagues don't have additional questions at this point, and we'll give you a little time for rebuttal. Thank you, counsel. Thank you, your honors. May it please the court, David Goodham for the United States. Just briefly touch on the issues raised by my opponent here today. With respect to the exclusion of evidence, I would remiss if I didn't mention that we believe this is a plain error standard review. Let's assume that the judge understood because he said in his own words, so you want state of mind. And defense counsel said, yes. All right. And so the judge, he made a ruling. All right. So that's what we're looking at. So what I want to be clear about from the government's point of view, if a search warrant is executed. And at trial, the government calls a law enforcement officer who can testify about the search and what was recovered in the search. Isn't it fairly standard that a defense attorney can ask the custodian or the government witness, what did you recover? And he says books, articles, et cetera. And then he can say, would you turn to page 42 of the book that you recovered and read the first paragraph? Happens all the time. I'm not sure. Certainly. Maybe not all the time, but I'm just saying that often the government does this because it wants to introduce the incriminating nature. Of what may not be self evident in what was seized as a result of the search warrant. So where I'm going with this, as you probably know, is the judge said, well, the defendant could testify. But he couldn't ask the government witness about what was seized. And I want to know what the government's position is on that. I'm defense attorney. My client had these books in his office. The hypothetical I gave you of, you know, officer so and so, would you turn to page 45 on the book and read the first paragraph? Nothing wrong with that because the government's putting the proceeds of the search in evidence, isn't it? I think there is. And I think this boils down to statements of a party opponent. So what my defense counsel said to the court when he raised this issue was these are statements that I made relating to my heroic battle to battle charity fraud. So he could, if he had wanted to take the stand, talk about. Of course, but he has no obligation to take the stand. What I'm focusing on is the government is putting evidence in of the proceeds of the search. Is it the government's position that it would be improper, a violation of some rule? Were a defense attorney to ask the officer in the context of the statements of the defendant? I think, yes, I think the judge again, in the context of is this your gun? Have you ever seen it before? Where did you get it? So what I'm getting at is why can't he say is this one of the books that you found in the defendant's office? He did. And please turn to page 45 and read the first paragraph. I again, I don't think that's proper in the context of the materials we're talking about here. That would be him. That would be him backdooring his own self-serving statements in the government's case. And I think that's the distinction I'm trying to draw about statements of a party opponent versus the defendant. If he wants to take the stand and talk about what he did and what he believed, he could do that because he is not a party. I understand he can take the stand. All right, but he's not obligated to and the burden is on the government. But he, as a defendant, has a right to present a defense. Of course, all defenses are self-serving if you want to put it that way. Absolutely. But again, I think this is sort of classic scenario of the defendant trying to get his own statements in the government's case. But this is different. And that's what I'm trying to get you to focus on. Because I'm not clear in my own mind yet as to why it would be impermissible to do what I've just said. Turn to page 45 and read the first paragraph. Well, again, to my mind, the court permitted the agent and the defense counsel to do what is permissible. But I'm going further. I'm trying to get the government's position on that matter. It's a matter of the defendant's right to present a defense. And the government has introduced evidence against him. Can he not ask the government witness about that evidence? No, the defendant still must adhere to the rules of evidence. And my point is... What rule of evidence says he can't ask what is on page 45 in the first paragraph? Again, assuming that these books were written by the defendant, which is what you... Counsel, that's the government's theory. Okay, there's no question in the record. Government prosecutor never said, these aren't the defendant's books. These aren't the defendant's articles. It's my hypothetical. I understand. The government described them as manifestos of the defendant. And that's... There's a dispute about... I'll withdraw my question. I'd like to hear the full response, because I think... You're not taking issue with the premise that they are the defendant's documents. No. I think you're joining issue with Judge Rogers on that. Absolutely. But then your further point is? My further point is that the district court properly recognized what the defendant was trying to do with respect to his own documents. That is, backdoor his own statements in support of what he called a state-of-mind exception to the hearsay rule. And the court properly concluded, no, you're admitting... You're asking them to be admitted for the truth of the matter asserted, number one. And number two, the court said, I don't see them as state-of-mind. And that was a proper ruling. And what's your best case? My best case is... Improper cross-examination by a defendant in support of his theory of the defense. Well, I would just say to the federal's evidence relating... They don't say anything that the defendant can't ask. Again, in the context of... Of course, a defendant has a right to put on a defense. But the Supreme Court has made clear that the defendant still has to adhere to the basic rules of evidence. You don't get around those by putting on your defense. And that's what... That's why I say I was going to withdraw my question. Because we're just going round and round. I thought the government might give me some insight here as to what the problem was. And I just didn't see it in your brief. And I didn't see it in the cases that were cited. I apologize if I'm not addressing your question. I've endeavored to... I'm not suggesting bad faith on your part. But perhaps the U.S. Attorney's Office has not addressed this before. And was not prepared to consider this aspect of the District Court's ruling. Since the argument is, even if there was error, it was harmless. Certainly. And we've outlined that in our brief. Again, just getting back to my first issue. I think it's important to understand that we're talking about a lot of things that we have no idea what they are. The defendant suggested below. And the government mirrored that when he said these were just the defendant's writings, manifestos. But as I heard my opponent just now admit, as he said, it's a little hard to discern from the record what we're talking about. And that just gets to my Rule 103 point. That's because they were in evidence. The books were in evidence. The articles were in evidence. That was undisputed before the District Court. And the District Court said, I have eight folders in front of me. I haven't read them. All right? So, I mean, that's just undisputed in this case. It is disputed. That was the whole... It is disputed. The judge didn't have eight folders in front of him. He had them, but he was being asked to admit them. And that's the... That's... But he had them. They were the proceeds from the search warrant. That was undisputed in the District Court. There is no doubt they were seized as part of the search warrant. And then the defense counsel gave them to the court. And, in fact, I would point to appendix page 152, where the defense counsel was allowed to ask the agent about the items that were seized. He did not get into and was not permitted to get into the content, for sure. But when you look at page 8152 of the appendix, you see that we're talking about a lot of materials that were dropped on the District Court's bench in the middle of a trial. At page 152, you see defense counsel asking the agent about how many books are there, sir? Nine books and some printed paper. And then a little bit down at the bottom of that page. And there are about eight or nine folders and some loose papers in there, correct? Yes. So what we're talking about here is a defense counsel who took a library of materials that had been seized, sure enough, been seized by the agents in executing the search warrant, and then he asked to admit them in toto. The District Court, I would suggest, properly acted when he said, you're asking them to be admitted for the truth in the matter asserted, and I don't believe they satisfy the state of mind exception. That's my only point. So do you agree that it was preserved in the sense that the judge, even though this is kind of a scant portion of the transcript, that there was a discussion? The judge knew what they were being asked for, the state of mind, and then just disagreed?  Okay. But I think that leaps over federal rule of evidence 103. And I'm not going to die on this hill, but when you're talking about nine books and eight or nine folders, I think what the rulemakers anticipated were scenarios like this, where this court is being asked to review a ruling about substance that it has no idea what it is. Well, from the standpoint of are we using a plain error review or not? I think it's plain error because of the defendant's failure to adhere to rule 103. That's my only point. If the court disagrees under any standard of review, we've articulated a harmless error argument. There was abundant evidence, incriminating evidence, but most critically, if you look at the closing argument at pages 9-10 of my brief, you see that the defendant managed to get this closing argument out to the jury in significant detail. What do you mean by this argument?  The defendant, using the photographs of the items seized from his office slash home, the argument was, I'm a hero. I was actually working to battle charity fraud, and I was working to expose this. So what his state of mind would have. Exactly.  And that's... The argument is not evidence. Of course not. No, my point is that... The opening argument. Sure, it's not evidence, but when you're asking the question of whether this was harmless, you can consider what the party was unable to put in front of the jury. I thought we had to look at what evidence the government had. That's... The burden of proof. Sure, that's part of the analysis, and as I document at pages 10-11 of my brief, there was substantial incriminating evidence going both to his intent to defraud and his numerous false misrepresentations about his actual charities. I see my time's up. I'd be happy to address the forfeiture. I think that under particular this court's case in Leyva, when we are talking about plain error, we are comfortable with the notion, this court is comfortable with the notion, that when a defendant has been labeled a leader, and has directly supervised the proceeds, then the forfeiture, he can be held accountable for the entire amount of those proceeds. The exact quote from Campos is, in Leyva, the court affirmed attribution to the leader of an organization of the proceedings from activities directly supervised by him in a conspiracy. That's what we have here. My core point is, in the conceded plain error world that we are living in here, I think Leyva and Campos stand for the proposition that this court can affirm. I'm sure my colleagues don't have additional questions for you. We would ask that you affirm the judgment of the law. Thank you. Thank you, counsel. Mr. Katzhoff, we'll give you two minutes for a rebuttal. It's not a rebuttal, but I did not get to address the sentencing or mangerial role, which sort of related a bit to the forfeiture. Two minutes for you to use how you wish to use it. I hope it's a mood issue, but I do want to address it. This is a case where, particularly, we've challenged a number of sentencing enhancements, but the mangerial role one is the one I think the court actually conceded is perhaps the most difficult of the ones he had to address from the recommendations of the pre-sentence report. It results in a two-level increase and denial of a two-level decrease under 4C1.1 for zero-point offenders. It's a pretty significant enhancement because it has a four-level impact. The case law is pretty clear that all persons receiving an enhancement under 3B1.1 must exercise some control over others. The findings, even by a preponderance, according to the court, were just scant in terms of addressing the roles the court conceded. It didn't really know much about Mr. Seibert's role. What did he actually plead guilty to? He plead guilty to... Beyond the charge. I believe it was conspiracy to commit mail fraud. In terms of the factual recitation, was that part of the government's piece to give him some type of leadership role? You know, I have to say that I would have to provide that to the court. Because I want to say they did. I didn't focus on that. I focused on the evidence that was presented, and that evidence showed two participants. Mr. Seibert, who's largely involved, I believe Judge Rogers said partner, might be a fair assessment, although we don't even know that. We don't know the fact that Mr. Trankel was at the church office residence, whether that's significant. Mr. Seibert may have been living in a mansion two houses down and having him with his bicycle, his microwave, his air mattress, staying at the church. We just know nothing about his profits. There's no evidence of wealth. The financial information about the deposits that was introduced through the government shows him heavily involved in all of that. And so I would submit that the managerial role is in error and the denial of the 4C1.10 point, that because of the four-level difference in that error, at a minimum, the case should be remanded for recency. Thank you. Thank you, counsel. Thank you to both counsel. We'll take this case under submission. Mr. Katzhoff, you are appointed by the court to represent the appellant in this matter, and the court thanks you for your assistance.
judges: Srinivasan; Childs; Rogers